UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMARCO DETRAY MILLER, | ) | Case No.: 4:13 CV 2133 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| JOE COAKLEY, WARDEN, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent . | ) | |

*Pro se* Petitioner DeMarco Detray Miller filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in FCI-Elkton, having been convicted in the United States District Court for the Southern District of Iowa in 2012, pursuant to a plea agreement, on one count of possession with intent to deliver a substance containing cocaine base, and one count of possession of a firearm in furtherance of a drug trafficking crime. Petitioner contends his counsel was ineffective and allowed him to plead guilty when there were inconsistences between the police report and the indictment. He further alleges the United States Supreme Court's recent opinion in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) renders him actually innocent of the crimes. Finally, he challenges the validity of the search of his residence prior to his arrest. He seeks immediate release from prison.

Petitioner also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). The Motion is granted.

## I.  Background

Police were summoned at 1:22 a.m. on July 4, 2012 to 17th Street in Des Moines, Iowa to investigate a report of gunshots.  (Doc. 1-3 at 1).  A neighbor waiting outside reported to the officers that the shooter ran into the residence at 1457 17th Street.  The officers knocked at the door of the residence in question and a female let the officers into the house.  The female stated she was alone, and granted officers permission to search the premises.  Officers discovered Petitioner, sitting on his bed fully clothed and wearing his glasses.  They reported a strong smell of marijuana in the room.  The officers conducted a pat down search of Petitioner and found a small bag of marijuana.  He was placed under arrest while the search of the residence continued.  During this search, Officers discovered another small bag of marijuana, a Taurus firearm, a scale, and crack cocaine.

Petitioner was indicted on July 27, 2011 in the United States District Court for the Southern District of Iowa on three counts: (1) possession with intent to distribute a mixture or substance containing crack cocaine; (2) possession of a firearm in furtherance of and in use and carry in relation to a drug trafficking crime; and (3) unlawful user in possession of a firearm and ammunition.  He entered into a plea agreement on January 19, 2012 in which he agreed to plead guilty to counts one and two in exchange for dismissal of count three and the government's assurance that it would not pursue additional federal charges against Petitioner stemming from its investigation.  In the agreement, Petitioner also stipulated to possessing at least 20 grams of cocaine base.

In his sentencing memorandum, Petitioner's attorney noted that a gun was found during a consent search of his bedroom but claimed Petitioner kept it under the mattress for protection.  The attorney also noted that in addition to the crack cocaine, Petitioner was found to be in possession

2

of small amounts of marijuana at the time of his arrest and this could raise his Base Offense level to 26. He argued, however, that the court should sentence him using the Base Offense level of 22 based on his limited criminal history, his youth, his care of his young daughter with cystic fibrosis, and his attempts to rehabilitate from a cocaine addiction. The Court sentenced Petitioner on May 24, 2012 to twenty-four months on count one, and sixty months on count two, to be served consecutively for an aggregate total of eighty-four months. Petitioner does not indicate whether he filed an appeal of his conviction or a Motion to Vacate his conviction under 28 U.S.C. § 2255.

## II. Habeas Petition

Petitioner filed this action seeking relief from his conviction under 28 U.S.C. § 2241. He appears to have 3 claims: (1) he received ineffective assistance of trial counsel; (2) the Supreme Court's decision in *Alleyne* renders him actually innocent of the crimes of which he was convicted; and (3) the search of the house prior to his arrest violated his Fourth Amendment rights.

In support of his first claim, he alleges that the police report indicates they found marijuana during their preliminary search; however, the report does not mention that a gun or crack cocaine was found. He contends that he pled guilty to the charges and stipulated to an amount of crack cocaine because he received ineffective assistance of counsel during his plea negotiations.

In support of his second claim, Petitioner argues that the recent decision by the Supreme Court of the United States in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) requires all elements of his crime to appear in the indictment. He claims that the indictment charges him with possession with intent to distribute cocaine but does not specify an amount that he possessed. He also contends that while the indictment states he possessed a firearm, it does not allege that he used or brandished it. He claims that under *Alleyne*, he is actually innocent of his crimes.

3

Finally, Petitioner challenges the search of the house prior to his arrest. He states that the police were looking for an individual that discharged a firearm. The person that called for police met them at the scene and reported that the shooter ran into a nearby house. Petitioner claims that although a resident gave police permission to search the house, that consent was negated because police were told the shooter was not present. He asserts they should have believed the shooter was gone from the area and there was no longer a need to search the house without a warrant.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright*

4

*v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Section 2241 does contain a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam). The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, *see e.g., In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), or because the petitioner is procedurally barred from pursuing relief under § 2255. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir. 1986), or because the petitioner has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

To fall within any arguable construction of the savings clause, a petitioner must show that an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his conviction or sentence is valid. Actual innocence

5

suggests an intervening change in the law that establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

### III. Analysis

Petitioner is clearly challenging his conviction. He therefore cannot assert these claims in a § 2241 petition unless he demonstrates that the "safety valve" provision of 28 U.S.C. § 2241 is applicable to his case. He must show that an intervening change in the law renders him actually innocent of the crimes of which he was convicted.

Petitioner's first and third claims are not based on an intervening change in the law that substantively alters the nature of the offenses so that Petitioner's actions are no longer illegal. He asserts he received ineffective assistance of counsel and challenges the validity of the warrantless search of the house. These claims could and should have been raised in a direct appeal of his conviction, or in a Motion to Vacate Conviction under 28 U.S.C. § 2255. Petitioner cannot assert them in a § 2241 petition merely because he did not pursue those remedies and now is unable to obtain relief through them. *Charles*, 180 F.3d at 756. The savings clause does not apply to these claims.

6

Furthermore, Petitioner argues that the Supreme Court's recent decision in *Alleyne* renders him actually innocent of the crimes of which he was convicted. That case, however, does not apply retroactively, and is not applicable to the facts of this case.

Alleyne was convicted by a jury of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), a violation subject to a mandatory minimum five years incarceration. *Alleyne*, 133 S. Ct. at 2156. At sentencing, however, over Alleyne's objection, the judge found that Alleyne had "brandished" a firearm, raising his mandatory minimum sentence to seven years under the applicable statute.[1] *Id*. The trial court determined that, under *Harris v. United States*, 536 U.S. 545 (2002), brandishing was a sentencing factor, which the court could find without violating Alleyne's Sixth Amendment right to a jury trial. *Id*. The Supreme Court disagreed with that assertion, holding that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be found by a jury. *Alleyne*, 133 S. Ct. at 2162-63. In doing so, the Court overruled *Harris*, which limited *Apprendi* to facts increasing the statutory maximum, concluding that mandatory minimum sentences increase the penalty for a crime, and that the facts used to enhance a sentence are offense elements "that must be submitted to the jury and found beyond a reasonable doubt" before an enhanced mandatory

---

[1] Section 924(c)(1)(A) provides, in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

7

minimum sentence can be imposed. *Id*.

*Alleyne*, however, neither supports a claim of "actual innocence," nor does that decision aid Petitioner in demonstrating that his remedy under § 2255 was inadequate or ineffective. *Alleyne* is a sentencing-error case and does not establish an intervening change in the law that decriminalizes the acts which form the basis of Petitioner's conviction. *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013)(finding *Alleyne*, like *Apprendi* before it, "does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it.") Claims of sentencing errors do not serve as the basis for an actual innocence claim. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (holding *Apprendi* could not be basis for actual innocence claim). Moreover, Petitioner is not asserting that the trial court increased the mandatory minimum sentence required by statute based on an element of the offense to which Petitioner did not plead guilty. To the contrary, he pled guilty to and was sentenced for possession of a firearm in furtherance of a drug trafficking crime. The court did not enhance his mandatory minimum sentence for brandishing or discharging the firearm. In addition, he stipulated to possession of 20 grams of crack cocaine. The court did not make this finding on its own. *Alleyne* is not applicable to the facts of this case. The savings clause does not apply here, and Petitioner cannot assert this claim in a §2241 petition.

## V. Conclusion

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 24, 2014